Gaston, J.
 

 We are not called upon by this appeal to examine the several matters, which were discussed on the trial of this cause, but only the opinion of the court, in deference to which the plaintiff submitted to a nonsuit. That opinion was, '* that where the agent,” a constable who had received a claim for collection, “ had, before suit brought, tendered back the paper and had it ready at the trial to be handed over and the debtor was still good, the measure of damages was not the amount of the debt, but nominal damages only.” And in this opinion, as declaratory of the rule applicable to the case under consideration, we see no error.— The engagement of the defendant, was, that Skinner should diligently endeavor to collect all claims put into his hands for collection, and faithfully pay over all sums by him re-
 
 *567
 
 eeivod, to the persons to whom they might be due. The engagement was broken by his failure to use reasonable dili. gence in collecting, and, for this breach, the plaintiff was entitled to recover damages commensurate with the injury sustained. From every breach of a contract, the law infers that some injury has been sustained, but if the contract itself does not furnish a measure for the injury,- and there is no proof of actual injury, it can infer no more than what is termed, “ nominal damages ” It cannot be that any negligence of the agent, however slight, and unattended with actual loss to his principal, should make him responsible to the full amount of the debt put into his hands for collection.— This would be to indict a wrong on the agent, for it would be to take from him, and put into the pocket of the principal, what the former does not in conscience owe, and the latter is not in conscience entitled to receive. Sometimes, indeed, on the ground of public policy, it is prescribed by positive law, that certain acts of misfeazance or omission on the part of a public officer, with respect in.the collection of a debt, shall make him liable to the whole amount thereof as in the case of escape of a debtor, who has been in custody under a lawful execution. But, wherever there is no positive enactment on the subject, the rule of law is the rule of reason, that he who injures another shall compensate to the extent of that injury. This principle was distinctly asserted in the ease'of
 
 Russel
 
 v Palmer, 2d Wilson, 325, where, in an action by a creditor against his attorney, who after judgment against the' debtor had' neglected to charge liim in execution when surrendered by his bail, whereby the debtor was superseded and discharged out of custody, the jury, under the directions of the Chief Justice, had rendered a verdict for the entire debt, but the court ordered a new trial because of this misdirection'. And so it was held in this court, in an action brought on the sheriff’s bond, for a breach thereof in permitting a defendant to escape, that the extent of the injury sustained by the plaintiff, and not the amount of the debt due to him, was the true measure of his damages.
 
 Governor
 
 v Matlock. 1 Hawks, 425 We do
 
 *568
 
 not understand his Honor as saying, that it was not cümpe-tent tbe plaintiff to take his case out of the rule by shevv-ing, that, although the
 
 debtor
 
 remained good, the
 
 debt
 
 had been lost by the constable’s neglect, because it was-barred by time, or the proof thereof by the party’s oath was no longer admissible, or the testimony of witnesses necessary to establish it was lost, or in any other manner. Nor do we understand him as saying, that it was not competent for the plaintiff to shew any partial damage, less than the loss of the debt consequent upon the delay, as that the debtor had removed to a distance, or that the plaintiff was subjected to any extra expense or inconvenience in the collection of the debt. But simply, that where the debt is not lost by the constable’s neglect, the plaintiff is not entitled, by reason of that negligence, to receive the amount of the debt, and when he does not shew any actual injury thereby sustained, he is entitled only to the damages which the law infers without proof — nominal damages.
 

 It will never do in matters of contract to leave the question of damages to the
 
 arbitrary
 
 discretion
 
 of
 
 a jury.— There must be a rule whereby to assess them, although the application of that rule is with great propriety confided to the jury. And we know of no other that can legally be1 laid down, where there is no statutory provision on the subject, and the parties have not described any by the terms or nature of their contract, than that the person injured should be re-imbursed what he has lost, and if no loss be shewn by parol, should be re-imbursed to the extent of the loss which the law presumes. It may be, that the same policy which' has induced the Legislature from time to time to secure, by amercements and other penal enactments, diligence and fidelity on the part of sheriffs in the execution of their official duties, may indicate a necessity for similar provisions, in regard to officers intrusted with the collection of claims under the jurisdiction of a single magistrate. Inconsequence of that jurisdiction having been so greatly extended, a large portion of the property of our citizens is now in the hands of these officers, and the community has a deep interest;,
 
 *569
 
 that while they are not held to a ruinous responsibility, they may be made to know and* feel that honesty and diligence are not only their bounden duties, but their best interest; and that such a measure of accountability may be established, as will ensure to' every one injured by them, full redress for losses probably sustained, although not susceptible of proof. But these considerations are not for the eourt which tried the cause, nor are they for us. The constitution has provided another department of the government, to whom they may properly be addressed, and with whom they will no doubt have the weight, to which they are entitled.
 

 Per Curiam-. Judgment affirmed.-