The plaintiffs had in their hands the notes of Reeves and Fort and could have returned them to the defendant, and thus exonerated themselves from liability as the sureties of the constable for anything more than the actual damages arising to the defendant from the negligence of the constable. As there is no suggestion of the insolvency of the debtors at the time, those damages would have been but nominal. S. v. Skinner, 25 N.C. 564. That would have been of no (72) substantial benefit to the creditor, while it would have subjected the sureties to the costs of an action. It was, therefore, thought by the plaintiffs, and by the defendant's attorney and agent, to be the best for all parties that there should be no expensive, though fruitful, litigation between them; and to that end, that the sureties should make the debts their own by paying the amount to the creditor, and it was agreed by the defendant's attorney and agent that if the sureties would do so they might, at their expense, sue the debtors on the notes in the name of the original creditor, the present defendant. That contract was accordingly made, and it was complied with by the present plaintiffs. Upon these facts a plain obligation arose on the defendant to fulfill the engagement of his agent and allow the plaintiffs to recover the money from those from whom it was really due, in his name, though for their benefit; and it is clear equity that the defendant should be restrained from interfering with the plaintiffs' efforts to do so, they indemnifying him against any costs of the action. Such is the state of the case between the parties, if the facts be as above supposed. That the facts are so cannot be disputed in this stage of the cause, because they are alleged in the bill, and the answer in no one particular denies them. It is true, the bill proceeds to say that his attorney and agent further agreed with the plaintiffs that the defendant would give the plaintiffs a written letter of attorney to prosecute in his name the suit which they immediately commenced on the notes; and that the defendant approved of and confirmed the transaction of his agent by subsequently executing the power of attorney. And it is also true that the defendant answers to this latter matter that he did not, by any act of his own, intend to confirm the alleged agreement of his agent, for it was not communicated to him; and that, if he executed any power of attorney, its contents and purpose were unknown to him. But that does not meet the plaintiff's equity at all, for (73) those subsequent events are stated but as some of the evidence of *Page 63 
and the acts done under the original agreement with the agent upon which the plaintiffs paid their money, whereby their equity arose. The answer, indeed, is not explicit as to those circumstances — not meeting the allegations of the bill on those points fairly, and denying or admitting them plainly; and if the merits depended on those matters, the answer would not be sufficient to dissolve the injunction. But those are really but collateral circumstances, and, therefore, need not be particularly noticed, the substance of the case being the original agreement by defendant's agent and the payment of the money by the plaintiffs and receipt of it by the defendant under the agreement — which is not at all met by the answer. Therefore the order was right, and must stand affirmed, with the costs in this court.
PER CURIAM. Order to be certified accordingly.
Cited: Heilig v. Stokes, 63 N.C. 615; Perry v. Michaux, 79 N.C. 98;Bruff v. Stern, 81 N.C. 188; Riggsbee v. Durham, 98 N.C. 78.
(74)