W. D. C. RICHARDSON v. WILMINGTON AND WELDON RAILROAD
COMPANY.

(Decided March 6, 1900.)

*Wrongful and Malicious Discharge—Breach of Contract—
Punitive Damages—Demurrer to Evidence—Nonsuit.*

1. Where no duration of employment is specified in the contract, the
   usual rule is that the contract can be ended at the will of either
   party.

2. Malice disconnected with the infringement of a legal right is not
   actionable.

3. Punitive damages are never given for breach of contract, except in
   cases of promises to marry.

CIVIL ACTION for punitive damages ($10,000), for a mali-
cious and wrongful discharge of plaintiff from service of
defendant, heard before *Moore, J.,* at September Term, 1899,
of WAYNE Superior Court.

The cause assigned for the discharge of the plaintiff, a loco-
motive engineer, was the alleged *"burning of his engine"* by
allowing the water to get too low in the boiler.    This the
plaintiff denied in his testimony given on the trial.    At the
conclusion of plaintiff's evidence, the defendant demurred
thereto, and moved to nonsuit the plaintiff.    Motion allowed.
Plaintiff excepted, and appealed.

The salient points of plaintiff's evidence is referred to in
the opinion.

*Messrs. Allen & Dortch,* and *W. C. Munroe,* for appellant.
*Messrs. Geo. Rountree,* and *Aycock & Daniels,* for appellee.

CLARK, J.    This action is not for defamation, for there is
neither allegation of publication nor of special damage, which

are the gist of such actions.   8 English Ruling Cases, 382-404.   Nor can it be sustained for mailiciously inducing the Sea Coast Railroad Company to discharge the plaintiff, because it is admitted that that was done, if at all, after this action was brought.   The action is brought for punitive damages for a malicious and wrongful discharge.   The written contract with engineers put in evidence by the plaintiff shows that no duration is therein specified.   Where such is the case, the usual rule is that the contract can be ended at the will of either party.   The plaintiff avers in his complaint that such contracts as to engineers are by custom to continue "during good behavior."   It is unnecessary to consider whether or not this could be shown by custom (*Moore v. Eason,* 33 N. C., 568; *Morehead v. Brown,* 51 N. C., 367; *Brown v. Atkinson,* 91 N. C., 389), for the plaintiff's evidence does not show it.   He testifies merely: "It is a custom (of defendant) to retain the engineers as long as they can render efficient services, even up to the time when old age renders them unfit for active service, when it is a custom to give them other employment which they can perform"—which is likely enough, but which does not prove that an agreement to retain during good behavior is a part of the contract of employment—and the plaintiff's witness, Engineer Horne, testifies directly to the point that the engineers have a right to quit whenever they get ready, and the company has a right to discharge any engineer at any time without cause.

But upon the plaintiff's own showing, his discharge was within the right of the defendant, and not wrongful, and malice disconnected with the infringement of a legal right can not be the subject of an action.

It is immaterial under our present system whether the action is construed to be in tort or *ex contractu.*   There are

many cases where an action for tort may grow out of a breach of contract, but punitive damages are never given for breach of contract (except in cases of promises to marry). *State v. Skinner,* 25 N. C., 564; *Purcell v. Railroad,* 108 N. C., 414; *Solomon v. Bates,* 118 N. C., 315; Bishop Noncontract Law, 72-76. The evidence of a witness offered to construe the meaning of a written contract was properly excluded, and the other exceptions to evidence need no discussion. The demurrer to the evidence was properly sustained.

Affirmed.