HOLDER v. MFG. CO.

(Filed May 9, 1905.)

*Demurrer to Evidence—Discharge of Employee—Procurement by Third Person—Corporations, Liability of—Same Officers.*

1. Where the defendant demurred to the evidence and at the conclusion of the entire testimony, renewed the motion to dismiss, these motions presented every phase of the case arising upon the plaintiff's evidence, and it was not necessary to again present them by prayers for instructions.

2. In an action against the defendant for procuring plaintiff's employer to discharge him, plaintiff cannot recover where his contract of employment was only to work by the day.

3. The fact that the defendant company and plaintiff's employer had the same officers does not make the defendant liable for acts doné by its officers in the discharge of their duties towards the other company, though they act in that respect by reason of information derived in the discharge of similar duties as officers of such company.

Petition to rehear.   For former opinion, see 135 N. C., 392.

*W. G. Means* and *Shepherd & Shepherd* for the petitioner. *Montgomery & Crowell, M. B. Stickley* and *Busbee & Busbee* in opposition.

CONNOR, J.   This cause is before us upon a petition to rehear and review the decision made at the February Term 1904.   The writer of this opinion was then joined by *Mr. Justice Walker* in a dissenting opinion.   The majority of the court after hearing a second argument upon the petition to rehear are of the opinion that there was error in the former decision and that a new trial should be ordered.   In the

opinion written by *Mr. Justice Montgomery* it was said:
"Upon Barnhardt's testimony the defendant could have
asked the court to instruct the jury that as the contract be-
tween the plaintiff and defendant was indefinite as to time
the defendant company would not be responsible for the dis-
charge of the plaintiff because of knowledge of the character
of the plaintiff and of. his conduct at the defendant's mill,
acquired by Barnhardt as assistant manager of both mills.
But no such request for instruction was made by the defend-
ant." It will be observed that the plaintiff testified, "At
Gibson Mill they had a right to discharge me at night. I
worked by the day." The defendant at the conclusion of the
plaintiff's testimony demurred to the evidence and at the
conclusion of the entire testimony renewed the motion to dis-
miss. These motions presented every phase of the case
arising upon the plaintiff's evidence. It was not necessary,
therefore, to again present them by prayers for instruction.
There was nothing in defendant's evidence aiding the defect
in plaintiff's case in respect to the terms of employment. If,
as testified by plaintiff, the Gibson Mill had the legal right
to discharge him at night, that his contract was to work by
the day, it is not easy to see how he sustained any actionable
wrong by any conduct of the defendant. He could not have
sued the Gibson Mill for discharging him at the end of the
day, how then can he sue the defendant company for procur-
ing the Gibson Mill to do something which it had the legal
right to do. The case comes clearly within the principle an-
nounced by this court in *Richardson v. Railroad,* 126 N. C.,
100. "Persuading or inducing a man, without unlawful
means, to do something he has a right to do, though to the
prejudice of a third person, gives that person no right of ac-
tion, whatever the persuader's motives may have been."
Pollock on Torts, (6 Ed.) p. 317. In *Haskins v. Royster,*
70 N. C., 601, *Rodman, J.,* quoting the opinion in *Walker v.
Cronin,* 107 Mass., 555, says: "One who entices away a

servant or induces him to leave his master, may be held liable in damages therefor provided there exists a valid contract for continued service known to the defendant." The plaintiff does not allege any special damage other than loss of wages. As he had no contract right with the Gibson Mill' it is clear that conceding his allegation that defendant company procured his discharge, it did him no actionable wrong, because there was no interference with any legal right. He does not aver that he was prevented from renewing his contract of service by any conduct of the defendant, and if he had, it would seem that no right of action accrued therefor. "A recent decision of the Court of Appeals that procuring persons—not to break a contract, but—not to renew expiring contract or make a fresh contract, may be actionable if done 'maliciously,' without any allegation that intimidation or other unlawful means were used, is now overruled." Pollock on Torts 316; *Temperton v. Russell,* 1 Q. B. 715, 62 L. J. Q. B. 412. *Clark, J.* in *Richardson's* case, *supra,* says: "Upon the plaintiff's own showing his discharge was within the right of the defendant, and not wrongful, and malice disconnected with the infringement of a legal right, cannot be the subject of an action." *State v. Van Pelt,* 136 N. C., 633.

We are also of the opinion that there is a total absence of evidence that any agent or servant of the defendant company acting as such and within the scope and sphere of his duties, procured the discharge of the plaintiff. The case is peculiar in that the defendant company and the Gibson Mill had the same officers. Certainly this cannot have the effect of placing upon the defendant company liability for acts done by its officers in the discharge of their duties towards the Gibson Mill although they may have pursued a line of conduct in that respect by reason of knowledge or information derived in the discharge of similar duties as officers of such Mill. A corporation acts only by and through its agents and be-

fore it can be held liable, the alleged wrongful act must be traced to its agents while acting within the scope of their employment. We do not find any evidence in this case that Barnhardt, in his action respecting the plaintiff, was acting as the agent of the defendant Mill. There is not, as was said in the dissenting opinion heretofore, any evidence that any officer, servant or agent of the defendant company wrote any letter to the Gibson Mill in regard to discharging the plaintiff. For the reasons given the petition must be allowed and new trial awarded.

Petition Allowed.