P. A. LEWIS v. L. E. FOUNTAIN.

(Filed 17 February, 1915.)

1. **Appeal and Error—Trials—Rejection of Evidence—Collateral Matters.**
   In an action for damages for injuries received in a personal assault, the evidence was conflicting as to whether the injury was inflicted in consequence of the plaintiff's endeavor to protect his sister, the defendant's wife, from the defendant's assault on her with a pistol, or whether the plaintiff and defendant engaged in an assault and the plaintiff was shot in self-defense. The rejection of defendant's evidence that the defendant's wife made a different statement on the trial as to her husband's conduct towards her from that she theretofore made is not erroneous, the evidence proposed being on a collateral matter.

2. **Jurors—Misconduct Inferential—Court's Discretion—Appeal and Error.**
   Where it appears that a juror placed himself in surroundings that gave him an opportunity or chance for misconduct in connection with the case, without any evidence that he had in fact been guilty of it, the determination of the trial judge is conclusive on appeal as a matter within his discretion.

### 3. Same—Estoppel.

Where the appellant knows before verdict rendered that a juror had placed himself in circumstances warranting an inference of misconduct, and, having opportunity, does not then object, he is estopped to impeach the verdict afterwards rendered, on that ground.

### 4. Trials—Instructions—Special Request.

Where the trial judge correctly instructs the jury upon every phase of the controversy, his refusal to give special prayers for instruction, covered in other language in the charge, is not error, though the prayers were correct and applicable propositions of law.

### 5. Assault — Personal Injuries — Mutual Fight—Provocation—Diminution of Damages—Evidence.

A recovery will not be denied in an action to recover damages for personal injuries received in a fight because the fight was mutually or willingly entered into, or was caused by the provocation of the plaintiff, the matter of provocation being only considered upon the question of diminution of the damages recoverable.

### 6. Assault—Personal Injuries—Self-defense—Trials—Evidence—Instructions.

Where in an action to recover damages for a personal injury received by the plaintiff in a fight the defendant resisted recovery on the ground that he was acting in self-defense, that he fired upon the plaintiff and inflicted the injury to protect himself or his children from death or bodily harm, it is necessary for the defendant to show that he acted upon a reasonable apprehension; and the charge of the court in this case is held to have been favorable to the defendant, of which he cannot complain.

### 7. Appeal and Error—Record—Immaterial Matter—Costs.

No part of the record in this case. is taxable against the plaintiff, the successful party on appeal. It does not contain matter unnecessary to the decision.

APPEAL by defendant from *Ferguson, J.,* at September Term, 1914, of EDGECOMBE.

*T. T. Thorne and W. O. Howard for plaintiff.*
*G. M. T. Fountain & Son and F. S. Spruill for defendant.*

CLARK, C. J. This is an action for damages for injuries received in a personal assault. The plaintiff's evidence is that the defendant was drunk, and at request of his sister, the defendant's wife, to protect her against the defendant, who was threatening her with a pistol, the plaintiff went over to defendant's house to endeavor to quiet him, and that the defendant shot him twice with a pistol without any provocation, one of the wounds cutting an artery, and that by reason of his wounds he was unable to work for twelve months, suffered great bodily pain, and was sent to Johns Hopkins in Baltimore for treatment, at considerable expense.

The defendant's testimony is that the plaintiff came over and they got into an altercation; that the plaintiff fired first, and he admits that he then wounded the plaintiff, as alleged, but avers that it was done in self-defense.

The first exception, that the judge refused to admit evidence that the defendant's wife had made a different statement as to her husband's conduct towards her from that which she had made on the trial, cannot be sustained. It was merely a collateral matter. *S. v. Leak,* 156 N. C., 644; *S. v. Williams, ante,* 191.

The second exception is misconduct on the part of a juror. The judge finds the facts to be that the juror, after the evidence was in, took dinner at the house of the owner of the house where the shooting had taken place, but that none of the parties to this action were there; that while at the house there was no reference made to the facts of the case on trial and that the juror did not make any inspection of or look at the marks made by the pistol balls in the house. The court found as a conclusion of fact that there was no improper conduct on the part of the juror and no improper influence.

The circumstances must be such as not merely to put suspicion on the verdict, because there was opportunity and a chance for misconduct, but that there was in fact misconduct. When there is merely matter of suspicion, it is purely a matter in the discretion of the presiding judge. *Moore v. Edmiston,* 70 N. C., 481; *S. v. Brittain,* 89 N. C., 483; *Baker v. Brown,* 151 N. C., 17; *S. v. Tilghman,* 33 N. C., 552. Besides, in this case, the knowledge of the juror having gone to the house was acquired by the defendant before verdict. Having taken the chances of a favorable verdict, the defendant is now estopped to impeach it on that ground. *Pharr v. R. R.,* 132 N. C., 423.

As to exceptions 2 and 3, the prayers for instruction were substantially given. It was not necessary that the identical language should be used. *Southerland v. R. R.,* 158 N. C., 327; *Board of Education v. Roanoke, ib.,* 313. The charge given presented every phase of the controversy, with correct instructions as to the law applicable, and a new trial will not be awarded for failure to give instructions asked, though they were correct propositions of law. *Muse v. R. R.,* 149 N. C., 452.

Even though the plaintiff invited the assault by insulting language or provoked it by his conduct, this would not bar the recovery in a civil action. As in criminal actions no words, however violent or insulting, justify a blow, but if a blow follows both are guilty, so in a civil action the provocation is a matter in mitigation and not a defense. *Palmer v. R. R.,* 131 N. C., 250; *Williams v. Gill,* 122 N. C., 967.

When two men fight together, thereby creating an affray, each is guilty of assault and battery upon the other and each can maintain an

action therefor. *Bell v. Hansley,* 48 N. C., 131. In *White v. Barnes,* 112 N. C., 323, the Court sustained the following charge: "If the jury believe that Barnes struck White with a stick, described in evidence, and broke his nose, the plaintiff is entitled to recover, even though they believe that White entered the fight willingly."

Here the court charged: "The defendant having admitted that he fired his pistol at the plaintiff and shot him, it devolves upon him to satisfy you from the evidence, not beyond a reasonable doubt, but to satisfy you by the greater weight of the evidence, that he did the shooting in his necessary self-defense; and if he has done so, the plaintiff would not be entitled to recover. If he fails to do so, the plaintiff will be entitled to recover such damages as he received by reason of the wound." The court further charged: "If you shall find from the evidence that the defendant did not bring about the trouble; that he was at his home and was remonstrating with the plaintiff and directing him to go away, and while in this conversation between them one word brought on another, the defendant being in his porch and the plaintiff on the sidewalk, and the plaintiff told the defendant to shoot, and took out his pistol and fired while the defendant was sitting with his children, so as to cause the defendant to reasonably believe that he or his children's lives were in immediate danger when he fired to protect himself, or them, or both, from death or bodily harm, it would be a matter of self-defense."

The above instructions were correct and as favorable to the defendant as he could ask. The court charged the jury substantially as requested in all the defendant's prayers except the third, which was: "If you find from the evidence that plaintiff and defendant were willingly engaged in a mutual assault upon each other with pistols, brought on by the plaintiff going to defendant's house and engaging in an altercation, and the plaintiff was injured while they were willingly assaulting each other, then plaintiff is not entitled to recover damages resulting from his own wrong, and you will answer the first issue 'No' and the third issue 'Nothing.'" This was properly refused. *Bell v. Hansley,* 48 N. C., 131, and other cases above cited. To have given this instruction would legalize dueling or other fighting by consent or affrays. If the facts were as set forth in this prayer, certainly the defendant did not fight in self-defense.

The defendant cannot complain of the charge. It presented fully his right of self-defense and was more favorable to him than he was entitled to have, for the court practically told the jury that if the plaintiff shot first it was necessary for the defendant to shoot to protect himself and the children, omitting the question of reasonable apprehension or reasonable belief.

The defendant also files a motion to tax the costs of a part of the record, and of printing the same, against the appellee because it was

unnecessarily sent up. The defendant made his exception at the proper time when the case was being settled, as required by Rule 31, 164 N. C., 550, and we do not favor sending up any unnecessary matter which will impose an unnecessary expense upon the defeated party in the appeal. But, examining the transcript, we cannot say that this matter was unreasonably sent up. The motion, therefore, to tax the appellee with the costs thereof is denied.

No error.