JULIUS HAYES v. JUNE J. LANCASTER.

(Filed 27 January, 1931.)

**1. Assault A a—Definition of assault and battery.**

An assault is an offer to show violence to another without striking him, and a battery is the carrying of the threat into effect by the infliction of the blow, it being without the consent of the person on whom the offer of violence was made or who actually received the blow, the combination of the two being denominated assault and battery in law.

**2. Limitation of Actions C d—Mental disability resulting from assault is defense to plea of statute of limitations.**

An action is commenced upon the issuance of a summons, C. S., 404, and an action for assault and battery is barred upon the plea of the statute, C. S., 443, if not commenced within one year, but if the plaintiff alleges and shows that he could not sooner have brought the action because of his mental condition or insanity occasioned by the blow the defendant inflicted upon him, the time of such disability will be deducted from the running of the statute. C. S., 407.

**3. Appeal and Error J d: J e—Burden is on appellant to show substantial or prejudicial error.**

On appeal the presumption is against the appellant and the burden is on him to show clearly not only that error was committed in the lower court, but that it was substantial or prejudicial.

APPEAL by defendant from *Johnson, Special Judge,* and a jury, at June Term, 1930, of DURHAM. No error.

This is an action brought by plaintiff against the defendant to recover damages for an alleged serious and deadly assault and battery, made by defendant on plaintiff, which occurred 8 January, 1927, in the restaurant of plaintiff, a negro, in Louisburg, N. C.

The defendant, answers, and, in part, says: "When defendant and his friends had finished eating, defendant handed to plaintiff a $10.00 bill, out of which to take the charges for his services, thereupon the plaintiff undertook to charge the defendant $4.00 for his services in preparing and serving said oysters, to the three people, this was unlawful and a highly unreasonable charge. The price of an oyster stew in the town of Louisburg, having never in its history exceeded the sum of fifty cents per bowl, and defendant remonstrated with plaintiff for his attempt to so defraud and cheat him. Plaintiff then became enraged and seized a fork and was advancing upon this defendant with the fork drawn and was in the act and point of assaulting this defendant, when this defendant, acting strictly in his own defense, took up a bottle of catsup, which was on the table and struck the plaintiff on the head with it. This caused the plaintiff to desist from his attempted assault and the defendant and his friends thereupon left the restaurant and immediately afterwards reported the matter to an officer of the town of Louisburg." The defendant also pleaded the statute of limitation: "That more than one year has elapsed since the cause of action set forth in the complaint herein accrued prior to the bringing of this action, and the said cause of action is therefore barred by the statute of limitations as contained in the Consolidated Statutes of North Carolina, and the said statute of limitations is hereby expressly pleaded in bar of plaintiff's right to recover in any event in this action."

The plaintiff, in reply, says: "That if the lapse of time between the wrongful act done the plaintiff and the time of instituting this suit exceeds that period barred by the statute of limitations, that said delay in bringing said action by plaintiff was due to the fact that he was mentally incapacitated to bring a suit as the result of the injury and damage done him by defendant, and plaintiff respectfully states that defendant should not be permitted to profit by his own wrong and the statute of limitations does not apply in such cases."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is plaintiff's right of action barred by the statute of limitations as alleged in the answer? Answer: No.

2. Did the defendant unlawfully and wrongfully assault and beat the plaintiff as alleged in the complaint? Answer: Yes.

3. If so, was such act of the defendant wilful and malicious as alleged in the complaint? Answer: Yes.

4. What compensatory damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,400.

5. What sum, if any, is the plaintiff entitled to recover of the defendant as punitive damages? Answer: .... .."

The court below rendered judgment on the verdict. The record contains 116 pages—plaintiff's brief 17 pages and defendant's brief 18 pages. The defendant made numerous assignments of error and appealed to the Supreme Court.

*R. O. Everett, Victor S. Bryant and John W. Hester for plaintiff.*
*Yarborough & Yarborough for defendant.*

CLARKSON, J. An assault is defined: "An attempt or offer to beat another, without touching him; as if one lifts up his cane or his fist in a threatening manner at another; or strikes at him, but misses him." 3 Black. Comm., 120; 3 Steph. Comm., 469; *S. v. Williams,* 186 N. C., 627.

Battery: "Any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent." 2 Bish. Crim. Law, sec. 71. The actual offer to use force to the injury of another person is *assault;* the use of it is *battery;* hence the two terms are commonly combined in the term "assault and battery."

C. S., 404: "An action is commenced as to each defendant when the summons is issued against him."

C. S., 407: "Disabilities—A person entitled to commence an action, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, who is at the time the cause of action accrued, either (1) within the age of twenty-one years; or (2) insane, etc. May bring his action within the times herein limited, after the disability is removed," etc.

C. S., 443: "Within one year an action—(3) For libel, assault, battery, or false imprisonment."

This action was brought for assault and battery a year after the occurrence. Defendant pleaded (1) justification—self-defense (2) one-year statute of limitations. Plaintiff replied and set up insanity to repel the one-year statute of limitations. Perhaps no more simple action than that for assault and battery can be brought in the courts and tried than the present one. As to the charge on the question of insanity, taking the contentions on this aspect, with the charge, we think it sufficient, and if more particularity was desired by defendant, a prayer for instruction should have been requested.

The record is long, as the contest was one primarily of fact, and the battle was waged and fought out before the jury mainly upon the questions of fact. On the record the jury could have decided either way, but decided all the facts in the plaintiff's favor. This is for them and not us. After hearing the arguments, and examining the records and briefs, we find on the whole record no prejudicial or reversible error.

*In re Ross,* 182 N. C., at p. 478, citing numerous authorities, we find the well settled rule in this jurisdiction, as follows: "It is now the settled rule of appellate courts that verdicts and judgments will not be set aside for harmless error, or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of was erroneous, but that it was material and prejudicial, amounting to a denial of some substantial right. Our system of appeals, providing for a review of the trial court on the questions of law, is founded upon sound public policy and appellate courts will not encourage litigation by reversing judgments for slight error, or for stated objections, which could not have prejudiced the rights of appellant in any material way. . . . Again, error will not be presumed; it must be affirmatively established. The appellant is required to show error, and he must make it appear plainly, as the presumption is against him." *In re Will of Efird,* 195 N. C., p. 91-2.

"Even so the tongue is a little member, and boasteth great things. Behold, how great a matter a little fire kindleth." James 3: 5.

In the judgment of the court below, in law we find

No error.