ROBERT FLOYD KING v. INSURANCE COMPANY OF NORTH AMERICA
(A FOREIGN INSURANCE CORPORATION).

(Filed 27 March 1968.)

**1. Pleadings § 34;   Appeal and Error § 6—**

A motion to strike allegations relating to the recovery of punitive damages on the ground that the complaint fails to state a cause of action supporting such a recovery is in the nature of a demurrer, and an appeal will lie from an order allowing the motion to strike, Rule of Practice in the Supreme Court No. 4(a) not being applicable.

**2. Damages § 11—**

Punitive damages may not be awarded for breach of contract, except for breach of promise to marry or for breach of duty to serve the public imposed by law upon a public utility.

**3. Damages § 11—**

Allegations which state a cause of action for breach of contract for defendant insurer's failure to perform its obligations under an automobile liability insurance policy to defend plaintiff insured and to pay a judgment rendered against him, but which are insufficient to state a cause of action for deceit or any other tort, will not support an award of punitive damages, and allegations relating to such damage are properly stricken on motion.

APPEAL by plaintiff from *Clarkson, J.,* at the 11 September 1967 Non-Jury Civil Session of MECKLENBURG.

The complaint, which contains 49 paragraphs, alleges the following, in substance:

The defendant issued an automobile liability insurance policy to the plaintiff, who paid the premium therefor. Within the period covered by the policy the plaintiff, while operating the insured vehicle, collided with a vehicle operated by one Herman Mullis, and sued Mullis for damages. Mullis filed a counterclaim for personal injuries sustained by him. The plaintiff forwarded to the defendant a copy of the pleading asserting the counterclaim and requested the defendant to defend him against such counterclaim. This copy and request were received by the defendant. When the action, including the counterclaim, was calendared for trial, the plaintiff so notified the defendant. The defendant refused and failed to defend the plaintiff against the counterclaim. Thereupon, the plaintiff employed counsel so to defend him. At the trial of his action against Mullis, judgment was rendered in favor of Mullis upon his counterclaim for $110, together with the costs of that action. The defendant refused and failed to pay such judgment. By its failure to defend and its failure to pay such judgment the defendant "wilfully breached its covenant with the plaintiff." The defendant's "wilful failure and

refusal to defend the plaintiff * * * was calculated conduct on the part of the defendant to hamper, prevent and/or impair the plaintiff's legal position" in the action against Mullis and "was done by the defendant solely to protect the defendant's interest in wilful and wanton disregard of the rights of the plaintiff' and of the obligations of the defendant to him, and therein it acted arbitrarily and without cause and "did exercise bad faith." For such alleged breach of the contract of insurance the plaintiff prays the recovery of the expenses incurred by him and the amount of the judgment so rendered against him, and further prays the recovery of punitive damages.

The defendant filed a motion to strike 12 paragraphs of the complaint as redundant, 13 as irrelevant, evidential and argumentative, and the paragraph alleging damages and the right to punitive damages on the ground that the remaining allegations of the complaint do not support these claims. The motion was granted in part and denied in part, the allegation that the plaintiff is entitled to recover punitive damages and the prayer for such recovery being among the portions of the complaint which were stricken therefrom. From this order the plaintiff appeals, assigning as error the striking of those portions of the complaint relating to or deemed to relate to his claim for the recovery of punitive damages.

In the Supreme Court the defendant moved to dismiss the appeal for that under Rule 4(a) of the Rules of the Supreme Court the ruling of the superior court is not appealable as a matter of right but is subject to review only upon a writ of *certiorari*. The plaintiff filed a response asserting that the motion to strike was, in effect, a demurrer.

*Don Davis for plaintiff appellant.*
*Carpenter, Webb & Golding for defendant appellee.*

LAKE, J. The motion to dismiss the appeal is overruled. The motion to strike the allegations concerning the recovery of punitive damages and the prayer therefor is in the nature of a judgment sustaining a demurrer for the failure to allege facts sufficient to constitute a cause of action for the recovery of punitive damages. *Oil Co. v. Richardson*, 271 N.C. 696, 157 S.E. 2d 369; *Williams v. Hunter*, 257 N.C. 754, 127 S.E. 2d 546. In this respect there is a distinction between an order striking portions of a pleading because redundant, irrelevant, evidentiary or otherwise improper allegations and an order striking portions of a pleading on the ground that the allegations are not legally sufficient to constitute a basis for the asserted

right. The order here in question falls into the second category insofar as the plaintiff's expections thereto, which are now before us, are concerned. We turn, therefore, to a consideration of the appeal on its merits.

Punitive or exemplary damages are never awarded on the ground that the plaintiff has a right thereto. *Cotton v. Fisheries Co., Inc.,* 181 N.C. 151, 106 S.E. 487. With the exception of a breach of promise to marry, punitive damages are not given for breach of contract. *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785; *Richardson v. R. R.,* 126 N.C. 100, 35 S.E. 235; Restatement of the Law, Contracts, § 342. See also: Williston on Contracts, Rev. Ed., § 1340; Sutherland on Damages, 4th Ed., § 390; Sedgwick on Damages, 9th Ed., § 603; McCormick on Damages, § 81; Hale on Damages, p. 318; 22 Am. Jur. 2d, Damages, § 245; 25 C.J.S., Damages, § 120; Annot., 84 A.L.R. 1345. An apparent exception to this rule is found in cases where such damages have been allowed for a breach of duty to serve the public by a common carrier or other public utility. See: *Carmichael v. Telephone Co.,* 157 N.C. 21, 72 S.E. 619; *Hutchinson v. R. R.,* 140 N.C. 123, 52 S.E. 263. In those instances, there is frequently a contractual relationship between the parties, but the award of punitive damages is upon the ground that the carrier or utility has violated a duty imposed upon it by law to serve those who apply. See *Trout v. Watkins Livery & Undertaking Co.,* 148 Mo. App. 621, 130 S.W. 136.

The complaint in the present action, including the allegations stricken by the order of the superior court, alleges only a breach of contract by the defendant. It is true that one of the stricken allegations was that the defendant's breach of its contract was "aggravated fraud," but no facts which, if true, would give rise to a cause of action for damages for deceit are alleged. Without such allegation, the charge of "aggravated fraud" is a mere epithet and does not alter the nature of the action from that of a mere suit for damages for breach of contract. Even where there is allegation and proof of actionable fraud and the jury has found the issue of fraud against the defendant, an award of punitive damages does not follow as a conclusion of law. *Swinton v. Realty Co., supra.* Here, however, there is no allegation of facts giving rise to a right of action for deceit or any other tort.

The allegations in the complaint that the breach of contract by the defendant was "wilful", "intentional," in "wanton disregard of the rights of the plaintiff" and "calculated * * * to hamper, prevent and impair the plaintiff's legal position" in his suit against Mullis, do not give rise to a cause of action sounding in tort and,

therefore, do not constitute allegations of fact which, if proved, would subject the defendant to liability for punitive damages.

There was, therefore, no basis alleged in the complaint for an award of punitive damages. The striking of the allegations with reference to such award and the prayer therefor did not in any way impair the right of action alleged in the remaining portions of the complaint for the recovery of compensatory damages arising from the alleged breach of the contract by the defendant.

Affirmed.