MARION GILBERT FRAZIER v. RAEFORD GLASGOW AND HOWARD RICHARDSON

No. 7419SC893

(Filed 19 February 1975)

1. **Damages § 11— punitive and compensatory damages — separate issues required**

    Since the approved practice in N. C. is to submit to the jury separate issues of punitive and compensatory damages, the trial court did not err in denying plaintiff's request to charge the jury "on the element of punitive damages in considering" the issue of compensatory damages; furthermore, had plaintiff's evidence warranted submission of an issue of punitive damages, plaintiff waived his right to have the issue submitted when he tendered to the court the three issues which were submitted and failed to request the submission of an issue of punitive damages.

2. **Assault and Battery § 2— provocation — no defense in assault case — mitigation of damages**

    Although provocation is not a defense to an action for civil assault, provocation can be considered in mitigation of plaintiff's damages, and the trial court did not err in giving such an instruction in this case.

3. **Trial § 9— motion for recess during jury deliberation — denial within discretion of court**

    Where after deliberations had begun a juror stated that she had two small children at home and she had to see about her family, plaintiff moved for a recess, the trial court denied the motion but immediately thereafter summoned the jury to return to the courtroom, and the judge was informed that the jury was making progress toward a verdict and wanted to continue to deliberate that night, plaintiff failed to show that the trial court abused his discretion in denying the motion for a recess.

4. **Trial § 36— instructions on parties' contentions — no expression of opinion**

    Trial court's statements in his charge to the jury as to the contentions of the parties did not amount to expressions of opinions by the court.

APPEAL by plaintiff from *Crissman, Judge.* Judgment entered 30 May 1974 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 16 January 1975.

This is a civil action wherein the plaintiff, Marion Gilbert Frazier, seeks to recover actual and punitive damages from the defendants, Raeford Glasgow and Howard Richardson, allegedly caused by a "wilful and malicious assault . . . upon the plaintiff" on 18 June 1972.

---

---

At the trial, plaintiff offered evidence tending to show that on Sunday, 18 June 1972, plaintiff was advised by his son that defendant Glasgow wanted to talk with him. En route to Glasgow's house, plaintiff came upon several cars blocking the road. Glasgow's car was parked in the middle of the road and several people, including Glasgow, the defendant Richardson, and Glasgow's son, were present. Glasgow told the plaintiff to "[g]et out of the truck". He then accused the plaintiff of having pointed a shotgun at his son and Richardson on the previous night. Plaintiff called Glasgow a "liar", and Glasgow hit the plaintiff in the eye with his first. He backed the plaintiff against the pickup truck and hit the plaintiff several more times. The plaintiff testified that he did not hit Glasgow first and that, in fact, he did not strike either Glasgow or Richardson at any time.

Both defendants testified that they argued with the plaintiff about the incident which occurred the night before. Both defendants testified that the altercation was provoked by the plaintiff and that they acted only in self-defense.

The following issues were submitted to and answered by the jury as indicated:

"1. Was the plaintiff, Marion Gilbert Frazier, assaulted by the defendant, Raeford Glasgow, as alleged in the complaint?

ANSWER: Yes.

2. Was the plaintiff, Marion Gilbert Frazier, assaulted by the defendant, Howard Richardson, as alleged in the complaint?

ANSWER: No.

3. What amount, if any, is the plaintiff entitled to recover for his injuries?

ANSWER: $1,500.00."

From judgment entered on the verdict, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Smith & Casper by Archie L. Smith for defendant appellee, Glasgow.*

HEDRICK, Judge.

[1] Plaintiff contends the trial court erred in "refusing to charge the jury in regard to punitive damages." The record reveals that the plaintiff formulated and tendered to the trial judge the three issues which were submitted to the jury. The third issue clearly refers solely to actual damages. After the judge had completed his instructions to the jury, plaintiff's counsel requested the court to charge the jury "on the element of punitive damages in *considering the Third Issue.*" [Emphasis ours.]

The plaintiff never asked the trial court, either orally or in writing, to submit the issue of punitive damages. Rather, he requested the judge to instruct the jury to consider punitive damages along with the issue of actual damages. Since the approved practice in North Carolina is to submit to the jury *separate* issues of punitive and compensatory damages, *Hinson v. Dawson,* 244 N.C. 23, 92 S.E. 2d 393 (1956); *Cottle v. Johnson,* 179 N.C. 426, 102 S.E. 769 (1920), we are of the opinion that the trial judge properly refused plaintiff's request. Assuming, arguendo, the plaintiff's evidence warranted the submission of an issue of punitive damages in this case, we are of the opinion that plaintiff waived his right to have this issue submitted when he tendered to the court the three issues which were submitted and failed to request the submission of an issue of punitive damages. *Baker v. Construction Corp.,* 255 N.C. 302, 121 S.E. 2d 731 (1961); *Benson v. Insurance Co.,* 23 N.C. App. 481, 209 S.E. 2d 362 (1974); *Yandle v. Yandle,* 17 N.C. App. 294, 193 S.E. 2d 768 (1973); *Brant v. Compton,* 16 N.C. App. 184, 191 S.E. 2d 383 (1972). See also, G.S. 1A-1, Rule 49(b) and (c), Rules of Civil Procedure.

[2] Plaintiff also contends the trial court erred in instructing the jury that provocation by the plaintiff could be considered in mitigation of damages. It has long been held that although provocation is not a defense to an action for civil assault, provocation can be considered in mitigation of plaintiff's damages. *Lewis v. Fountain,* 168 N.C. 277, 84 S.E. 278 (1915). We are bound by this well-settled rule.

[3] At 7:15 p.m. one of the jurors, Mrs. Dorothy K. Dills, came to the door of the jury room and stated "that she had a three year old and two year old and she just had to see about her family; and that they were all crossed up". Plaintiff's counsel

thereupon made a motion "that we recess and let the jury come back here because I don't think they can deliberate properly at this time." The denial of this motion is the basis of plaintiff's seventeenth exception and fifth assignment of error.

In the absence of a controlling statutory provision or recognized rule of procedure, the conduct of a trial rests in the discretion of the trial court. *Shute v. Fisher*, 270 N.C. 247, 154 S.E. 2d 75 (1967); 7 Strong, N. C. Index 2d, Trial, § 5. Immediately after the statement by the juror and the denial of plaintiff's motion, the trial judge asked the jury to return to the courtroom. The judge was informed that the jury was making progress toward a verdict and that it wanted to continue to deliberate that night. The trial judge then ordered a forty-minute dinner recess. Plaintiff has failed to show by these circumstances that the trial judge abused his discretion.

[4]  Finally, based on four exceptions duly noted in the record, plaintiff contends the trial judge "express[ed] his opinion as to the sufficiency of proof in the plaintiff's evidence", in violation of G.S. 1A-1, Rule 51(a), Rules of Civil Procedure. Each of these exceptions relates to a statement by the judge in his charge as to the contentions of the parties. In our opinion, the charge of the court is free from prejudicial error.

In the trial we find no prejudicial error.

No error.

Judges MORRIS and PARKER concur.