BRADFORD P. DAILEY v. INTEGON GENERAL INSURANCE CORPORATION, A NORTH CAROLINA CORPORATION

No. 813SC915

(Filed 18 May 1982)

**Damages §§ 12, 12.1; Insurance § 113— refusal to settle fire insurance claim — dismissal of claims for special damages and punitive damages improper**
    The trial court erred in dismissing plaintiff's claim for special damages and punitive damages in an action concerning fire insurance on his dwelling home and its contents where the specific facts necessary to support plaintiff's claims were stated clearly in his complaint.

APPEAL by plaintiff from *Rouse, Judge.* Order entered 11 August 1981 in Superior Court, CRAVEN County. Heard in the Court of Appeals 8 April 1982.

In his complaint, plaintiff alleged that in June 1980, defendant's agents advised him to increase the fire insurance on his property; plaintiff heeded the advice, increasing his coverage from $100,000 to $105,000 on his dwelling house and from $50,000 to $52,500 on his unscheduled personal property. The added coverages commenced on 22 June 1980. On 25 July 1980, a fire destroyed plaintiff's dwelling house and its contents. Plaintiff further alleged that since the loss by fire, he has made good faith efforts to settle his claim with defendant, but that defendant "has failed and refused to settle said claim . . . without justification." Plaintiff sought to recover for compensatory damages, special damages, and punitive damages.

Defendant moved to dismiss plaintiff's claim for relief under G.S. 1A-1, Rule 12(b)(6). The judge dismissed plaintiff's claims for special damages and punitive damages. Plaintiff appeals.

*Sumrell, Sugg & Carmichael, by Rudolph A. Ashton III, for plaintiff-appellant.*

*Dunn & Dunn, by Raymond E. Dunn, for defendant-appellee.*

HILL, Judge.

We initially note that this appeal is subject to dismissal under Rule 54(b) of the North Carolina Rules of Civil Procedure as premature and fragmentary; it is from an interlocutory order which adjudicates fewer than all of the claims of the parties, and the trial judge has not determined that there is no just reason for delay. This rule is for the benefit of the parties as well as the court since it reduces the multiplicity of appeals, saving time and money for all concerned. Nevertheless, because this appeal is already before us at this time, and in the interest of saving further time and money for all concerned, we elect to treat the appeal as a petition for writ of certiorari, grant it, and dispose of the questions raised.

Plaintiff's sole arguments present the question of whether the judge erred in granting defendant's motion to dismiss his claims for special damages and punitive damages. His claim for special damages is, in part, as follows:

### SECOND CLAIM FOR RELIEF

.  .  .  .

II. The Defendant's refusal to provide or pay the benefits and coverages under the provisions of the policy attached hereto as Exhibit A has been in bad faith and a breach of the covenant of good faith and fair dealing.

III. As a direct and proximate result of the actions of the Defendant in delaying and denying benefits due the Plaintiff under the policy, the Plaintiff has sustained compensable economic losses including but not limited to expert witness fees, construction estimate fees, photograph fees, loss of time, and other incidental expenses in the sum of $10,000.00, and has suffered embarrassment and humiliation, unnecessary mental pain and suffering, and emotional distress and discomfort, all to his detriment and damage in the amount of $20,000.00.

IV. As a direct and proximate result of the actions of the Defendant in delaying and denying benefits due the Plaintiff under the policy the Plaintiff has sustained and incurred legal expenses to protect this interest under his policy with the Defendant.

Plaintiff's claim for punitive damages is, in part, as follows:

### THIRD CLAIM FOR RELIEF

.  .  .  .

II. The Defendant has refused to settle Plaintiff's claim in good faith; has refused to acknowledge the damage estimates of Plaintiff or contractors hired by the Plaintiff; has refused to assign qualified agents to identify and estimate the amount of damage to Plaintiff's property; and upon information and belief, Defendant's agent acting within the course and scope of his employment in investigating Plaintiff's claim offered sums of money to local individuals and did other things in an attempt to discredit Plaintiff's claim and credibility.

III. The actions of the Defendant above-stated and the Defendant's refusal to settle or negotiate the Plaintiff's claim:

(1) have been in bad faith and a breach of the covenant of good faith and fair dealing, (2) have been willful, oppressive, and malicious with the obvious intent to forestall the Plaintiff sufficiently long enough to bring additional financial pressure upon him so that he would be forced to accept a settlement far below what is legally owed to him under the contract with the Defendant, (3) have been a misuse of power and authority tantamount to outrageous conduct, and (4) have been in reckless and wanton disregard of the Plaintiff's rights under the policy attached hereto as Exhibit A.

Because of the nature of the above-quoted claims, we merge them for our consideration of their adequacy to withstand defendant's motion to dismiss.

In *Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E. 2d 611, 621 (1979), our Supreme Court stated the general rule regarding a claim for punitive damages in a contract action:

[Generally,] punitive damages are not recoverable for breach of contract with the exception of breach of contract to marry. *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *King v. Insurance Co.*, 273 N.C. 396, 159 S.E. 2d 891 (1968). But when the breach of contract also constitutes or is accompanied by an indentifiable tortious act, the tort committed may be grounds for recovery of punitive damages. [Citation omitted.] Our recent holdings in this area of the law clearly reveal, moreover, that allegations of an identifiable tort accompanying the breach are insufficient alone to support a claim for punitive damages. In *Newton* the further qualification was stated thusly: "Even where sufficient facts are alleged to make out an identifiable tort, however, the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed." *Newton, supra*, at 112, 229 S.E. 2d at 301.

Such aggravation has been defined to include " 'fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness . . . ..' " *Newton v. The Standard Fire Insurance Co.*, 291 N.C. 105, 112, 229 S.E. 2d 297, 301 (1976), *quoting Holmes v. The Carolina Central Railroad Co.*, 94 N.C. 318, 323 (1886). The tortious act

must be pleaded with specificity; "even 'notice pleading' requires that the complaint be more precise and the facts and allegations be sufficiently pleaded so as to prevent confusion and surprise to the defendant and preclude the recovery of punitive damages for breach of contract where there is not tortious conduct." *Shugar v. Guill,* 304 N.C. 332, 338, 283 S.E. 2d 507, 510 (1981).

Based upon these principles, we conclude that plaintiff *sub judice* has sufficiently alleged a tortious act accompanied by "some element of aggravation" to withstand defendant's motion. The specific facts necessary to support plaintiff's claims are stated clearly in the portions of his complaint quoted above. Unlike the allegations stated in *Newton v. The Standard Fire Insurance Co., supra,* plaintiff has alleged recognizable, aggravated tortious behavior. For this reason, the judge erred in dismissing the claims.

The order of the judge below is

Reversed.

Judges HEDRICK and BECTON concur.