JOHN PAYNE AND HIS WIFE, MARY PAYNE v. NORTH CAROLINA FARM
BUREAU MUTUAL INSURANCE COMPANY

No. 834SC600

(Filed 17 April 1984)

**Fraud § 9— homeowner insurance policy—refusal to reimburse for losses—bad faith and fraud properly alleged**

Plaintiffs' causes of action alleging defendant acted in bad faith by refusing to provide coverage for plaintiffs' theft losses and alleging fraud by defendant were properly pleaded, and the trial court erred in granting defendant's motion to dismiss plaintiffs' causes of action.

APPEAL by plaintiffs from *Tillery, Judge.* Order entered 21 March 1983 in DUPLIN County Superior Court. Heard in the Court of Appeals 5 April 1984.

Plaintiffs sought compensatory and punitive damages upon defendant's refusal to reimburse plaintiffs for losses to personal property allegedly insured by a homeowner policy issued by defendant. In their complaint, plaintiffs alleged that defendant's agent, Ronnie K. Williams, assured them that defendant could provide insurance protection against theft and other losses to any of plaintiffs' real and personal property, wherever located. Plaintiffs alleged that they relied upon this statement, and thereafter applied for and received a homeowner policy from defendant on 16 June 1981, insuring plaintiffs' real and personal property for one year. The terms of the policy, however, mentioned only property of plaintiffs located in their home near Lyman, North Carolina, in Duplin County. No mention was made of property owned by plaintiffs in South Carolina. Plaintiffs further alleged that certain personal property was stolen from their home in South Carolina in November, 1981, and that, although they promptly reported the loss, defendant denied liability under the insurance contract.

Plaintiffs then filed suit, alleging three causes of action in support of their claim for damages: breach of contract, bad faith, and fraud. In its answer, defendant denied liability on the grounds that it was not licensed to insure property located outside North Carolina, that plaintiffs' policy covered only property located in plaintiffs' Duplin County residence, and that plaintiffs' three causes of action failed to state a claim for which relief could

be granted under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure.

Upon reviewing the pleadings and arguments of counsel, the trial court granted defendant's motion to dismiss plaintiffs' second and third causes of action for failure to state a ground for which relief could be granted. From the order dismissing plaintiffs' claims for bad faith and fraud, plaintiffs appealed.

*Ingram & Ingram, by Carolyn Burnette Ingram and Charles Marshall Ingram, for plaintiffs.*

*Crossley & Johnson, by John F. Crossley, for defendant.*

WELLS, Judge.

As a preliminary matter, we note that the trial court's order disposes of fewer than all of the issues in the suit before us. Ordinarily, an order which adjudicates fewer than all the claims of the parties is interlocutory and is not immediately appealable. The trial court's order in this case provides that there is no just reason for delay, and is therefore appealable, N.C. Gen. Stat. § 1A-1, Rule 54(b) of the Rules of Civil Procedure.

A motion under Rule 12(b)(6) ". . . addresses itself solely to the failure of the complaint to state a claim . . ." Wright & Miller, 5 *Fed. Prac. & Proc.* § 1356 (1969). "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" (Citations omitted) (Emphasis in original) *Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976). In reviewing the motion ". . . the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. . . . However, the court will not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened . . ." Wright & Miller, *supra* at § 1357. Where a claim for punitive damages for breach of contract is challenged by a Rule 12(b)(6) motion it must be remembered that:

> North Carolina follows the general rule that punitive or exemplary damages are not allowed for breach of contract,

with the exception of breach of contract to marry. . . . The general rule in most jurisdictions is that punitive damages are not allowed even though the breach be wilful, malicious or oppressive. . . . Nevertheless, where there is an identifiable tort even though the tort also constitutes, or accompanies, a breach of contract, the tort itself may give rise to a claim for punitive damages. . . .

Even where sufficient facts are alleged to make out an identifiable tort, however, the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed. . . . Such aggravated conduct was early defined to include 'fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness. . . .'

(Citations omitted) *Newton v. Insurance Co., supra.*

Keeping the foregoing rules in mind, we now examine plaintiffs' second and third causes of action in detail to determine whether, when viewed in the light most favorable to plaintiffs, they state a claim for which relief can be granted. Plaintiffs' second cause of action alleges that defendant acted in bad faith by refusing to provide coverage for plaintiffs' theft losses and that defendant's actions were ". . . wilful, wanton, intentional and malicious. . . ." Plaintiffs support their claim with two specific examples of alleged bad faith on the part of defendant:

(A) A statement made by an adjuster of Defendant company to the *feme* Plaintiff, in substance, that although Defendant company did in fact represent to and purport to provide theft coverage in a situation like Plaintiffs', in fact Defendant company discouraged the payment of any such claims for benefits pursuant to such theft coverage; and,

(B) Numerous excuses, in the form of company requirements, offered to Plaintiffs as to why Defendant company was refusing to compensate Plaintiffs for their theft loss, with Defendant company being informed and corrected upon the statement and expression of each such requirement that Plaintiffs met such requirement, and with Defendant

company thereafter posing yet other, different requirements or excuses to Plaintiffs.

A similar claim for relief was held sufficient to withstand a Rule 12 (b)(6) motion to dismiss in *Dailey v. Integon Ins. Corp.*, 57 N.C. App. 346, 291 S.E. 2d 331 (1982). In that case the plaintiff sought punitive damages after its insurer refused to negotiate concerning plaintiff's fire losses. The plaintiff alleged that the defendant had acted in bad faith and had taken ". . . wilful, oppressive and malicious actions" showing "reckless and wanton disregard of the Plaintiff's rights." Under the rule of *Dailey*, therefore, we hold that the trial court erred in dismissing plaintiffs' second cause of action under Rule 12(b)(6). *Compare Newton v. Ins. Co., supra*, refusing to determine whether an allegation of bad faith without more was sufficient to support a claim for punitive damages.

Plaintiffs base their third claim upon allegations of fraud by defendant. N.C. Gen. Stat. § 1A-1, Rule 9(b) of the Rules of Civil Procedure requires that circumstances constituting fraud must be stated with particularity. The essential elements of a claim for fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Terry v. Terry*, 302 N.C. 77, 273 S.E. 2d 674 (1981).

In their complaint, plaintiffs alleged the following events and circumstances in support of their claim of fraud:

. . .

19. That in or about the month of June 1981, Defendant company, by and through its duly licensed agent, sales representative and employee, Ronnie K. Williams, made certain oral representations to Plaintiffs, which said representations made these Plaintiffs believe that Defendant would provide policy coverage for all of Plaintiffs' personal property, wherever located, even including their personal property located in or at their said South Carolina residence awaiting transfer to their North Carolina residence, and further that this said coverage provided would protect against any loss and/or destruction of all Plaintiffs' said personal property by

reason of theft or otherwise; that Plaintiffs were induced by these said representations to purchase said policy of insurance, and Plaintiffs purchased said policy of insurance, in reliance upon the assurances, representations, promises and statements of Defendant's agent Williams . . . and that all of the assurances, representations, promises and statements of said agent Williams are imputed and attributed to Defendant company.

20. That the assurances, representations, promises and statements made by Defendant, by and through its agent Williams, to Plaintiffs, that they had their desired property coverage, and that all of their personal property, wherever located, was covered against any and all loss and/or destruction, including loss by theft, were false; that Defendant, in making such assurances, representations, promises and statements, knew they were false; that Defendant made such false representations, assurances, promises and statements with the intent to deceive Plaintiffs, and that Plaintiffs relied upon said false representations, assurances, promises and statements, and thereby were deceived, to their injury, in that, as more specifically set forth hereinabove, Plaintiffs sustained and suffered a theft loss, made due demand upon Defendant for benefits to be paid under their said policy coverage to compensate them for said loss, and that Defendant has denied that such benefits are due, and has failed and refused, and continues to fail and refuse, to pay the same.

Plaintiffs' pleading clearly alleges each of the necessary elements of fraud. It is equally clear that fraud constitutes one form of aggravation which will permit a claim of punitive damages. *Newton v. Ins. Co., supra.*

We hold, therefore, that the trial court erred in granting defendant's motion to dismiss plaintiffs' third cause of action. For the foregoing reasons, the order of the trial court must be and is

Reversed.

Judges ARNOLD and BRASWELL concur.