WILLIE O. BEASLEY v. NATIONAL SAVINGS LIFE INSURANCE COMPANY

No. 8410SC726

(Filed 4 June 1985)

1. **Damages § 12.1; Insurance § 43.1— failure to pay hospital insurance claim — bad faith and fraud — insufficient allegations for punitive damages**

Plaintiff's claim for punitive damages based on bad faith and fraud by defendant insurer in failing to pay plaintiff's claim under a hospital insurance policy was properly dismissed since plaintiff's allegations were insufficient to allege a tortious act or to allege any accompanying element of aggravation.

**2. Unfair Competition § 1— unfair trade practices—insufficient complaint**

     Plaintiff's complaint in an action to recover damages for defendant insurer's failure to pay plaintiff's claim under a hospital insurance policy was insufficient to state a claim for unfair and deceptive trade practices. G.S. 58-54.4(11).

**3. Torts § 1; Trespass § 2— failure to pay insurance claim—intentional infliction of emotional distress—insufficient complaint**

     Plaintiff's complaint in an action to recover damages for defendant insurer's failure to pay plaintiff's claim under a hospital insurance policy was insufficient to state a claim for intentional infliction of emotional distress. Furthermore, the Court of Appeals will not recognize the tort of outrage under the facts of this case.

APPEAL by plaintiff from *Herring, Judge.* Order entered 7 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 7 March 1985.

This is a civil action wherein plaintiff seeks recovery of benefits under a hospital insurance contract issued by defendant.

On 23 November 1980, plaintiff applied to defendant for a hospital insurance contract covering himself for medical and hospital expenses. Defendant issued Policy Number 339794, effective 16 December 1980, and plaintiff paid the premiums. In January 1981, plaintiff suffered a heart attack, was hospitalized and incurred medical expenses in excess of $10,000.00. Plaintiff made a claim to defendant for benefits under the policy; defendant denied the claim.

On 7 October 1983, plaintiff filed this lawsuit, alleging six causes of action in support of his claim for damages: (i) breach of contract, (ii) breach of covenant of good faith and fair dealing, (iii) fraud, (iv) violation of the unfair and deceptive trade practices act, (v) intentional infliction of emotional distress and (vi) outrage. Plaintiff sought compensatory and punitive damages. Thereafter on 11 November 1983, before service of responsive pleadings, plaintiff filed an Amended Complaint which realleged the unfair trade practices violations with more particularity.

On 9 December 1983, defendant served its answer stating that the complaint failed to state a claim upon which relief can be granted. Defendant generally denied all the allegations contained in the complaint, and asserted that "the false, untrue, incomplete and material misrepresentations of the plaintiff" contained in his

insurance policy application "were such as to avoid any liability that defendant might have under its policy of insurance 337949 and were such that said policy of insurance never took effect. . . ."

After hearing on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, the court entered an Order dismissing all the enumerated causes of action, except for the breach of contract claim. Plaintiff appealed.

*Brenton D. Adams and Delores King for plaintiff-appellant.*

*Young, Moore, Henderson & Alvis, P.A. by R. Michael Strickland, David M. Duke and Edward B. Clark for defendant-appellee.*

PARKER, Judge.

As a preliminary matter, we note that the trial court's initial order, entered 5 March 1984, dismissed the claims for relief, other than the contract action, with leave for plaintiff to file an amended complaint. Two days later, plaintiff requested that the trial judge enter final judgment on these claims for relief and to make the finding under G.S. 1A-1, Rule 54(b) that there is "no just reason for delay," so that plaintiff could appeal the Order; this request was granted.

A motion under Rule 12(b)(6) addresses itself solely to the failure of the complaint to state a claim. "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). In reviewing the motion, "the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true . . . . However, the court will not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened . . . ." Wright & Miller, 5 Federal Practice & Procedure, § 1357 (1969). Since the trial judge in this case initially dismissed the five causes of action "without prejudice to plaintiff's right to seek leave to further amend the complaint," and plaintiff did not avail himself of the opportunity to allege more specific facts, we are

left to assume that the allegations in the complaint are the best they can be in this factual situation.

[1] In plaintiff's second cause of action, he alleged the following events and circumstances in support of his claim for bad faith:

> 13. That by virtue of the contract of insurance referred to above, the defendant owed to the plaintiff the duty to act in good faith and to deal fairly with the plaintiff.

> 14. That by reason of the defendant's failure to pay a valid claim under its insurance policy, the defendant violated its covenant of good faith and fair dealing to the plaintiff.

> 15. That the defendant unreasonably and in bad faith withheld from the plaintiff payment of his claim.

In plaintiff's third cause of action, he alleged defendant had committed fraud upon the plaintiff and asserted that: (i) defendant accepted plaintiff's application for insurance, (ii) defendant accepted the premium payments, (iii) plaintiff relied upon defendant's representations that defendant would pay claims, (iv) the representations were false and untrue in that defendant never had any intention of paying any claims, (v) defendant intended not to deal fairly with plaintiff, (vi) defendant willfully misrepresented a material fact, and (vii) plaintiff relied upon the willful misrepresentations of defendant to his detriment.

In *Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E. 2d 611, 621 (1979), our Supreme Court stated the general rule regarding a claim for punitive damages in a contract action:

> "[Generally], punitive damages are not recoverable for breach of contract with the exception of breach of contract to marry. *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *King v. Insurance Co.*, 273 N.C. 396, 159 S.E. 2d 891 (1968). But when the breach of contract also constitutes or is accompanied by an identifiable tortious act, the tort committed may be grounds for recovery of punitive damages. [Citation omitted.] Our recent holdings in this area of the law clearly reveal, moreover, that allegations of an identifiable tort accompanying the breach are insufficient alone to support a claim for punitive damages. In *Newton* the

further qualification was stated thusly: 'Even where suffi-
cient facts are alleged to make out an identifiable tort,
however, the tortious conduct must be accompanied by or
partake of some element of aggravation before punitive
damages will be allowed.' *Newton, supra,* at 112, 229 S.E. 2d
at 301."

Plaintiff contends that the fraudulent acts enumerated above
constitute such an "element of aggravation," and can withstand
defendant's motion. We do not agree. G.S. 1A-1, Rule 9(b) of the
Rules of Civil Procedure requires that circumstances constituting
fraud must be stated with particularity. Assuming arguendo that
plaintiff has successfully pleaded the essential or legal elements
of a claim for fraud, plaintiff has failed to allege precisely any
facts to support these bare allegations. In particular, plaintiff has
pleaded no facts which would support his allegation "[t]hat the
representations made by the defendant to the plaintiff were false
and untrue in that the defendant never had any intention of pay-
ing any claims which the plaintiff would make . . . and the de-
fendant knew that it would deny such claims when and if they
were made." Without any essential factual basis to support this
critical element, the tort claim for fraud cannot withstand defend-
ant's Motion to Dismiss, and certainly does not constitute "an ele-
ment of aggravation" as required by *Newton.*

Similarly, one allegation of bad faith dealing clearly fails to
meet the standards enunciated by this Court in *Dailey v. Integon
General Insurance Co.,* 57 N.C. App. 346, 291 S.E. 2d 331 (1982)
and *Payne v. N.C. Farm Bureau Mutual Insurance Co.,* 67 N.C.
App. 692, 313 S.E. 2d 912 (1984). In both cases, this Court held
that the trial court erred in dismissing claims alleging bad faith
on the part of the insurer. However, these cases are distinguisha-
ble from the case *sub judice* in that in *Dailey* and *Payne* plaintiff
alleged sufficient facts to make out a cause of action for "a tor-
tious act accompanied by 'some element of aggravation.' " *Dailey,
supra.* For example in *Dailey,* an action for benefits under a fire
insurance policy, plaintiff alleged that defendant's agents offered
money to people to discredit plaintiff's claim and refused to
negotiate to force a lower settlement. Not only has plaintiff
herein failed to sufficiently allege a tortious act, he has failed to
allege any accompanying "element of aggravation." Therefore,
under the rule of *Dailey,* we hold that the trial court did not err

in dismissing plaintiff's claim for punitive damages based on bad faith and fraud under G.S. 1A-1, Rule 12(b)(6).

[2] Next, plaintiff, in his amended complaint, asserts that defendant violated the Unfair and Deceptive Trade Practices Act. It is clear that plaintiff merely has quoted G.S. 58-54.4(11) in alleging that defendant violated several subsections thereunder. The Act requires that before a violation can be made out, plaintiff must allege that defendant engaged in the prohibited acts "with such frequency as to indicate a general business practice." G.S. 58-54.4(11). Therefore, because plaintiff has failed to allege any facts supporting a violation of G.S. 58-54.4(11), and because plaintiff has failed to plead that the alleged violations occurred "with such frequency as to indicate a general business practice," the court did not err in dismissing this claim in plaintiff's original and amended complaint.

[3] Finally, plaintiff attempted to plead allegations as to intentional infliction of emotional distress and the tort of outrage. We note first that the tort of outrage has not been recognized in this jurisdiction, and we decline to do so under the facts before us. Assuming the pleading was an imperfect attempt to plead the necessary elements of the tort of intentional infliction of emotional distress, we conclude the allegations are fatally defective. Our Supreme Court, in *Dickens v. Puryear,* 302 N.C. 437, 452, 276 S.E. 2d 325, 335 (1981), held that this tort "consists of: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another."

The facts alleged in the plaintiff's complaint clearly are not sufficient to establish the requisite intent to cause severe emotional distress to another. In *Stanback, supra,* the only case where our Supreme Court has implicitly recognized the tort of intentional infliction of emotional distress in conjunction with a breach of contract, the contract breached was an indemnity agreement to pay taxes as part of a marital separation agreement. In that highly personal situation, a supporting spouse with a mean or malicious propensity can have both the opportunity and the motivation to abuse the dependent spouse and to perpetuate the marital divisiveness and emotional distresses by deliberately failing to comply with the separation agreement. A contract of insurance, however, is a commercial transaction, and absent allegations of

---

---

specific facts which if proved would demonstrate calculated intentional conduct causing emotional distress directed toward a claimant, a complaint for insurance benefits alleging intentional infliction of emotional distress will not withstand a motion to dismiss under Rule 12(b)(6). For the foregoing reasons, the judgment appealed from is

Affirmed.

Judges ARNOLD and EAGLES concur.