PAUL L. VON HAGEL, ADMINISTRATOR OF THE ESTATE OF THE LATE HEDY MARY
VON HAGEL, DECEASED, AND PAUL L. VON HAGEL, INDIVIDUALLY v. BLUE
CROSS AND BLUE SHIELD OF NORTH CAROLINA

No. 8810SC64

(Filed 2 August 1988)

1. **Unfair Competition § 1— unfair and deceptive trade practices—failure to allege frequent acts indicating general practice**

    The trial court properly dismissed plaintiff's claim for unfair and deceptive trade practices in violation of N.C.G.S. § 58-54.4(11) and N.C.G.S. § 75-1.1, since plaintiff failed to allege that defendant insurer engaged in prohibited acts "with such frequency as to indicate a general practice."

2. **Insurance § 44— private duty nursing care—insurer's bad faith refusal to pay claim—sufficiency of complaint**

    Allegations in plaintiff's complaint were sufficient to support a claim for bad faith refusal to pay a justifiable insurance claim for private duty nursing care where plaintiff alleged that, despite the opinions of two of decedent's treating physicians regarding the necessity of nursing care, defendant refused to investigate the claim or consult a qualified physician for evaluation before denying the claim; such refusal was in bad faith; and defendant refused to pay for private duty nursing care after it had previously approved that expense and communicated that approval to plaintiff.

3. **Fraud § 9— plaintiff's reliance on defendant's allegedly false statements—insufficiency of complaint**

    The trial court properly dismissed plaintiff's claim for fraud in defendant's refusal to pay an insurance claim, since plaintiff failed to allege that he did rely on defendant's alleged false statements to his detriment.

4. **Torts § 1— refusal to pay under insurance policy—infliction of emotional distress—insufficiency of complaint**

    Plaintiff's allegation that defendant willfully and intentionally inflicted emotional distress in refusing to pay under an insurance policy when defendant knew of plaintiff's vulnerable physical and mental condition was insufficient to state a claim, since plaintiff was required to allege that defendant demonstrated calculated intentional conduct causing emotional distress directed toward plaintiff.

5. **Torts § 1— no tort of outrage**

    The tort of outrage is not recognized in this state.

APPEAL by plaintiff from *Bailey (James H. Pou), Judge.* Order entered 24 August 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 11 May 1988.

On 26 March 1987, plaintiff filed a complaint arising out of defendant's denial of an insurance claim for private duty nursing provided to plaintiff's now-deceased wife. Plaintiff sets forth in his complaint six separate claims for relief: breach of contract, unfair and deceptive trade practices, breach of duty to act in good faith and deal fairly, fraud, wilful infliction of mental and emotional distress and the tort of outrage.

On 29 May 1987, defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Subsequently, on 7 August 1987, defendant filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56. On 24 August 1987, the lower court granted defendant's Rule 12(b)(6) motion as to all plaintiff's claims for relief except the breach of contract action and also entered an order denying defendant's summary judgment motion as to that remaining claim. Plaintiff appeals the court's dismissal of the five claims for relief.

*Brenton D. Adams for plaintiff-appellant.*

*W. Brian Howell for defendant-appellee.*

SMITH, Judge.

Initially, we note that the record before us was settled by court order pursuant to App. R. 11(c). This order was signed by Superior Court Judge Donald Stephens. G.S. 1-283 provides:

> [O]nly the judge of superior court or of district court from whose order . . . an appeal has been taken is empowered to settle the record on appeal when judicial settlement is required. . . . Proceedings for judicial settlement when the judge empowered . . . to settle the record . . . is unavailable . . . shall be as provided by the rules of appellate procedure.

App. R. 36(b) states that "[w]hen . . . the authority to enter an order . . . is limited to a particular judge and that judge is unavailable . . . the Chief Justice will upon motion of any party designate another judge to act. . . . Such designation will be by order entered ex parte." In this case, the appeal was taken from

an order entered by Judge Bailey. There is nothing in the record to indicate that the Chief Justice designated Judge Stephens to settle the record although Judge Stephens' order does recite that Judge Bailey was unavailable. Despite the absence of any showing that Judge Stephens was authorized to settle the record, this Court will consider the merits of plaintiff's appeal of the Rule 12(b)(6) dismissal since we are only required to examine the complaint in addressing the assignment of error.

Plaintiff brings forth as his sole assignment of error the trial court's dismissal of his claims for relief for unfair and deceptive trade practices, breach of duty to act in good faith and deal fairly, fraud, wilful infliction of emotional distress, and the tort of outrage. A motion to dismiss for failure to state a claim under G.S. 1A-1, Rule 12(b)(6) is the proper method for testing the legal sufficiency of a complaint. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). A complaint is sufficient if no insurmountable bar to recovery on the alleged claim appears on the face of the complaint and if the allegations are sufficient to give defendant notice of the nature of plaintiff's complaint to enable it to answer and prepare for trial. *Cassels v. Motor Co.*, 10 N.C. App. 51, 178 S.E. 2d 12 (1970). Only when it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of plaintiff's claim is dismissal proper. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). In considering a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff and take all allegations as true. *Beasley v. National Savings Life Ins. Co.*, 75 N.C. App. 104, 330 S.E. 2d 207 (1985), *disc. rev. improvidently granted*, 316 N.C. 372, 341 S.E. 2d 338 (1986).

[1]   Plaintiff alleged in his first dismissed claim for relief that defendant committed unfair and deceptive trade practices in violation of the provisions of G.S. 58-54.4(11) and G.S. 75-1.1. In order to establish a claim for relief under G.S. 58-54.4(11), plaintiff must allege not only that defendant engaged in the prohibited acts under the statute but also that defendant engaged in the prohibited acts "with such frequency as to indicate a general practice." G.S. 58-54.4(11); *Beasley, supra.* Plaintiff here failed to allege the latter; therefore, the trial court's dismissal pursuant to G.S. 1A-1, Rule 12(b)(6) was proper. *Id.*

[2] Plaintiff's second claim for relief alleged that defendant breached its duty to act in good faith in refusing without reason to pay for private duty nurses and all doctor bills, refusing to adequately investigate plaintiff's claim and refusing to negotiate and settle plaintiff's claim. In this regard, plaintiff requested compensatory and punitive damages.

It is a general rule in North Carolina that punitive damages are not allowed for breach of contract, with the exception of breach of contract to marry. *Newton, supra.* However, if there is also an identifiable tort, even if the tort constitutes or accompanies a breach of contract, that tort may give rise to a claim for punitive damages. *Id.* Drawing a distinction between a malicious or oppressive breach of contract which does not allow an award for punitive damages and tortious behavior which constitutes or accompanies a breach of contract is difficult in practice but essential when considering punitive damages in contract cases. *Id.*

Our courts have previously held:

'The general rule in most jurisdictions is that punitive damages are not allowed even though the breach be wilful, malicious or oppressive. . . . Nevertheless, where there is an identifiable tort, even though the tort also constitutes, or accompanies, a breach of contract, the tort itself may give rise to a claim for punitive damages. . . .

Even where sufficient facts are alleged to make out an identifiable tort, however, the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed. . . . Such aggravated conduct was early defined to include "fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness. . . ." '

*Payne v. N.C. Farm Bureau Mutual Ins. Co.*, 67 N.C. App. 692, 694, 313 S.E. 2d 912, 913 (1984), *quoting Newton v. Insurance Co.*, 291 N.C. 105, 111-12, 229 S.E. 2d 297, 301 (1976) (citations omitted). Such tortious acts may be established by allegations of behavior extrinsic to the tort itself—such as slander—or it may also be established by allegations sufficient to allege a tort which by its

---

---

nature encompasses elements of aggravation—such as fraud. *Newton, supra.*

The *Newton* case did not reach the question of whether a bad faith refusal to pay a justifiable claim (as alleged here) gives rise to punitive damages. The court did acknowledge that had a claim been made that a defendant, in bad faith and with intent to damage plaintiff, refused to make any investigation then "a different question would be presented." *Id.* at 116, 229 S.E. 2d at 303.

Three subsequent Court of Appeals cases, however, did reach the issue of whether bad faith in either refusing to provide insurance coverage or refusing to pay a justifiable claim gives rise to a claim for punitive damages. In *Payne, supra,* and *Dailey v. Integon Ins. Corp.,* 57 N.C. App. 346, 291 S.E. 2d 331 (1982), *disc. rev. denied,* 314 N.C. 664, 336 S.E. 2d 399 (1985), the plaintiffs specifically alleged in part that the defendants acted in bad faith and that the defendants' conduct was wilful and malicious. In each instance these allegations were supported by specific examples of such conduct on the parts of the defendants. In both cases this Court held that the trial court erred in dismissing the plaintiffs' respective claims for relief alleging bad faith and that the plaintiffs had sufficiently alleged a tortious act accompanied by the requisite "element of aggravation." A different result was reached in *Beasley, supra.* In *Beasley,* the plaintiff merely alleged that defendant acted in bad faith in failing to pay plaintiff's valid claim. The Court stated: "Not only has plaintiff herein failed to sufficiently allege a tortious act, he has failed to allege any accompanying 'element of aggravation.' Therefore . . . we hold that the trial court did not err in dismissing plaintiff's claim for punitive damages based on bad faith . . . under G.S. 1A-1, Rule 12(b)(6)." *Id.* at 108-09, 330 S.E. 2d at 209.

In the case *sub judice,* plaintiff specifically alleged that despite the opinions of two of decedent's treating physicians regarding the necessity of nursing care, defendant refused to investigate the claim or consult a qualified physician for evaluation before denying the claim and that such refusal was in bad faith. Plaintiff further alleged that defendant refused to pay for private duty nursing care after it had previously approved that expense and communicated that approval to plaintiff. Such actions, plaintiff contended, were wilful, wanton and in conscious disregard of

defendant's duty to pay plaintiff's insurance claim. In light of *Dailey* and *Payne*, we hold that the allegations in plaintiff's complaint are sufficient to support a claim for relief for bad faith and that the trial court erred in dismissing this particular claim for which plaintiff seeks punitive damages.

**[3]** Plaintiff's third claim for relief alleges that defendant's failure to pay benefits to which plaintiff was entitled constituted fraud. Plaintiff contends that defendant made false statements that defendant was not liable for nursing care costs because evidence showed that such care was not necessary. These statements were allegedly made with the intent that plaintiff would rely on the statements and with the intent to defraud. North Carolina requires that to establish a claim for relief for fraud plaintiff must allege that (1) there was a representation of a material past or present fact, (2) the representation was false, (3) defendant knew the representation was false or made the representation in reckless disregard of the truth, (4) the representation was made with intent that plaintiff rely on it, (5) plaintiff did in fact rely on the representation and acted upon it, and (6) plaintiff was damaged thereby. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). These allegations must be stated with particularity. G.S. 1A-1, Rule 9(b); *Payne, supra*. In this case, plaintiff failed to allege that he did rely on defendant's alleged false statements to his detriment. The only allegation plaintiff makes is that defendant intended for plaintiff to rely on its statements. This allegation is not enough. The lower court's dismissal of this particular claim for relief was therefore proper.

**[4]** Plaintiff's fourth claim for relief alleged that defendant wilfully and intentionally inflicted emotional distress in refusing to pay under the insurance policy when defendant knew of plaintiff's vulnerable physical and mental condition. This allegation is not enough. The complaint must allege that defendant demonstrated "calculated intentional conduct causing emotional distress directed toward [plaintiff]." *Beasley*, 75 N.C. App. at 110, 330 S.E. 2d at 210. Plaintiff has made no such allegation. Plaintiff has only alleged that defendant caused plaintiff emotional distress by refusing to pay plaintiff's valid claim for insurance benefits. An essentially similar allegation was made in *Beasley*. The court there, in holding that plaintiff's allegations were insufficient, noted:

> A contract of insurance . . . is a commercial transaction, and absent allegations of specific facts which if proved would demonstrate calculated intentional conduct causing emotional distress directed toward a claimant, a complaint for insurance benefits alleging intentional infliction of emotional distress will not withstand a motion to dismiss under Rule 12(b)(6).

*Id.* at 109-10, 330 S.E. 2d at 210. The lower court properly dismissed this claim for relief.

**[5]** Finally, plaintiff's complaint sought to allege the tort of outrage. We reaffirm the holding in *Beasley* that our jurisdiction does not recognize this particular tort. Therefore, the lower court was correct in dismissing this claim for relief.

Reversed in part, affirmed in part.

Judges JOHNSON and PHILLIPS concur.