DARYL PRESTON SMITH v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, A CORPORATION

No. 8925SC146

(Filed 7 November 1989)

**Damages § 12.1 (NCI3d)— failure to settle insurance claim promptly—punitive damages adequately alleged**

Plaintiff's complaint was sufficient to state a claim for punitive damages based on aggravated and oppressive tortious conduct in defendant insurer's failure promptly to settle a claim for damages to plaintiff's mobile home. N.C.G.S. § 58-54.4(11).

**Am Jur 2d, Damages §§ 731 et seq.; Insurance §§ 1771-1773.**

APPEAL by plaintiff from *Griffin, Kenneth A., Judge.* Order entered 15 November 1988 in CATAWBA County Superior Court. Heard in the Court of Appeals 14 September 1989.

Plaintiff sought compensatory and punitive damages for defendant's failure to timely and fairly settle plaintiff's claim for damages to his mobile home covered by a mobile homeowner's policy issued by defendant. Defendant moved to dismiss plaintiff's claim for punitive damages for failure to state a claim upon which relief could be granted. The trial court granted defendant's motion. Plaintiff appeals from that order.

*Randy D. Duncan for plaintiff-appellant.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant-appellee.*

WELLS, Judge.

As a preliminary matter we note that the trial court's order was incorrectly titled "Order for Partial Summary Judgment." Defendant has acknowledged responsibility for this error in his brief. It is not disputed that the trial court's order was for dismissal of plaintiff's claim for punitive damages pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. Ordinarily, an interlocutory order such as this is not immediately appealable. In this case the trial court's order provides that there is no just

reason for delay. The order is therefore immediately appealable. N.C. Gen. Stat. § 1A-1, Rule 54(b) (1983 & Supp. 1988).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. The question of law for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Harris v. NCNB National Bank of N.C.*, 85 N.C. App. 669, 355 S.E.2d 838 (1987). "In analyzing the sufficiency of the complaint, the complaint must be liberally construed." *Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987). A complaint is sufficient to withstand a Rule 12(b)(6) motion when it provides sufficient notice of the events and circumstances from which the claim arises and alleges the substantive elements of at least some recognized claim. *Stewart v. Allison*, 86 N.C. App. 68, 356 S.E.2d 109 (1987). A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that plaintiff is not legally entitled to relief under any statement of facts which could be proved in support of the claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970).

When determining whether a claim for punitive damages for breach of contract is sufficient to withstand a Rule 12(b)(6) motion the law in North Carolina is as follows:

> [Generally,] punitive damages are not recoverable for breach of contract with the exception of breach of contract to marry. But when the breach of contract also constitutes or is accompanied by an identifiable tortious act, the tort committed may be grounds for recovery of punitive damages. [However], allegations of an identifiable tort accompanying the breach are insufficient alone to support a claim for punitive damages. . . . Even where sufficient facts are alleged to make out an identifiable tort, . . . the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed.

(Citations omitted), *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). This type of aggravated conduct includes fraud, malice, oppression, insult, rudeness, caprice, and willfulness. *Dailey v. Integon Insurance Corp.*, 57 N.C. App. 346, 291 S.E.2d 331 (1982). Punitive damages are also recoverable when the wrong is done in a manner which evinces a ruthless and wanton disregard of the plaintiff's rights. *Hornby v. Penn. Nat'l Mut. Casualty Ins.*

SMITH v. NATIONWIDE MUTUAL FIRE INS. CO.

[96 N.C. App. 215 (1989)]

*Co.,* 77 N.C. App. 475, 335 S.E.2d 335 (1985), *disc. rev. denied,* 316 N.C. 193, 341 S.E.2d 570 (1986).

Plaintiff's first claim based on breach of contract was not dismissed. It is incorporated by reference into his second claim for punitive damages. In order to determine whether claim two establishes a claim for which relief can be granted we summarize claim one and set out in detail claim two.

## CLAIM ONE

In addition to identifying the parties and the insurance policy, this claim details plaintiff's efforts to obtain settlement of his claim. The basic allegations are: On 23 July 1986 plaintiff's mobile home and property were extensively damaged when the mobile home fell from its concrete block foundation. An adjuster from defendant's company inspected the mobile home on the same day it was damaged and indicated to plaintiff that he would engage a mobile home repair company to estimate the damage. This estimate was never performed and when plaintiff contacted the adjuster several weeks later, the adjuster suggested that plaintiff contact the mobile home's manufacturer. The manufacturer was unwilling to make repairs and after three more weeks had passed without any contact with the adjuster despite plaintiff's repeated attempts to telephone him, the plaintiff contacted the adjuster's supervisor. The next day a representative from a mobile home repair company contacted plaintiff, at defendant's request, informing him that he would not repair the damage but that he would submit an estimate to defendant. This estimate given 3 November 1986 was for $1,016.80. Another month passed without further action by defendant. In December 1986 plaintiff obtained an estimate from another mobile home company for $5,466.95. Plaintiff next contacted the North Carolina Department of Insurance concerning defendant's failure to settle the claim. Defendant advised the State Insurance Specialist that a claims payment check had been mailed to plaintiff. Plaintiff later received and rejected defendant's 29 December 1986 claim settlement check for $1,421.13. For the next nine months plaintiff attempted unsuccessfully to negotiate a settlement of his claim with defendant. Plaintiff then obtained counsel who contacted defendant 2 October 1987 and enclosed a third damage estimate in the amount of $5,950.00. Defendant objected to this estimate, suggested an estimate by a fourth repair company, and questioned which repairs were caused by the 23 July 1986 accident.

SMITH v. NATIONWIDE MUTUAL FIRE INS. CO.

[96 N.C. App. 215 (1989)]

CLAIM TWO

I.-IX. That Paragraphs I-IX of Claim Number 1 are adopted and realleged by reference.

X. That the actions of defendant are aggravated and oppressive conduct which constitute a wrongful and tortious failure to settle a claim in good faith, for which plaintiff is, upon information and belief, entitled to recover punitive damages.

XI. That, upon information and belief, defendant's actions were aggravated in:

(a) Not attempting in good faith to effectuate prompt, fair and equitable settlement of this claim in which liability has become reasonably clear, as prohibited by G.S. 58-54.4(11)f; and

(b) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled, as prohibited by G.S. 58-54.4(11)h; and

(c) Failing to promptly settle this claim where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlement under other portions of the insurance policy coverage, as prohibited by G.S. 58-54.4(11)m.

Similar claims for relief were held sufficient to withstand a Rule 12(b)(6) motion in *Dailey, supra* and *Payne v. N.C. Farm Bureau Mut. Ins. Co.*, 67 N.C. App. 692, 313 S.E.2d 912 (1984). In *Dailey* plaintiff sought punitive damages after his insurer refused to negotiate concerning plaintiff's fire losses. Defendant's alleged bad faith refusal to settle the claim constituted the tort as well as the breach of contract. Plaintiff further alleged that the defendant's actions were "willful [sic], oppressive, and malicious" in that defendant intended to stall negotiations so that financial pressures on the plaintiff would force him to accept a low settlement, were "outrageous" in the misuse of its power and authority, and constituted "reckless and wanton disregard" for plaintiff's rights under the policy. The decision in *Payne* relied on *Dailey* to the extent that it also held that plaintiff's claim for punitive damages based on an insurance company's bad faith refusal to provide coverage was wrongly dismissed on the pleadings when he had alleged bad faith and supported his claim with two specific acts of bad faith that conceivably could rise to the level of aggravated conduct. These acts included a statement by an adjuster from defendant

**SMITH v. NATIONWIDE MUTUAL FIRE INS. CO.**

[96 N.C. App. 215 (1989)]

company to one of the insureds to the effect that although such claims were covered by the policy, the company discouraged payment of such claims and numerous excuses offered by the defendant company as to why it was refusing to compensate plaintiff.

In this case plaintiff also bases his claim for punitive damages on allegations that defendant has failed to settle a claim in good faith. Plaintiff specifically alleges that the actions of defendant are "aggravated and oppressive" and attempts to enumerate the aggravating conduct in paragraph XI, subparagraphs (a)-(c) of his second claim. Additional facts which support this claim include the 5-month passage of time between when the adjuster from defendant company first observed the damages to plaintiff's mobile home and when a claim check was issued; the extended period of negotiations with little progress toward reaching a resolution; and the substantial disparity between both of plaintiff's estimates and the estimate relied upon by defendant.

Plaintiff's allegations that defendant has violated G.S. § 58-54.4(11) do not alone determine the validity of the claim. *Braun v. Glade Valley School, Inc.*, 77 N.C. App. 83, 334 S.E.2d 404 (1985). The *facts* pleaded in the complaint determine whether the complaint states a claim upon which relief can be granted. *Id.* (Emphasis added.) A claim should not be dismissed pursuant to Rule 12(b)(6) when the facts alleged give rise to a claim for relief on any theory. *Ford v. Peaches Entertainment Corp.*, 83 N.C. App. 155, 349 S.E.2d 82 (1986), *disc. rev. denied*, 318 N.C. 694, 351 S.E.2d 746 (1987). We hold that plaintiff's complaint states a claim for punitive damages based on aggravated and oppressive tortious conduct. We, therefore, hold that the trial court erred in dismissing plaintiff's second cause of action.

Defendant makes much of the fact that plaintiff has already amended his complaint once in an attempt to perfect his claim for punitive damages. In light of the liberal approach to amendments encouraged by G.S. § 1A-1, Rule 15(a), this concern is misplaced. Discretionary amendments are to be freely granted unless the opposing party would be prejudiced. *Roper v. Thomas*, 60 N.C. App. 64, 298 S.E.2d 424 (1982), *disc. rev. denied*, 308 N.C. 191, 302 S.E.2d 244 (1983). Amending pleadings to more accurately state the legal theory supported by the factual allegations already present in the complaint would not result in unfair surprise to defendant.

Defendant also asserts that even if plaintiff's complaint sets forth a claim for punitive damages, the alleged facts do not rise to the level of aggravated conduct necessary to support such a claim. That is a question for the trier of fact to determine.

Reversed.

Judges PHILLIPS and PARKER concur.