**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WESTCHESTER FIRE INSURANCE
COMPANY,

               *Plaintiff-Appellee,*

        v.

CARL W. JOHNSON; CARL W.
JOHNSON FAMILY TRUST, d/b/a The
Cotton Mill Square; LANDIN LIMITED,
          *Defendants-Appellants,*

        and

JOSEPH BALDWIN,

               *Defendant.*

No. 00-1175

---

WESTCHESTER FIRE INSURANCE
COMPANY,

               *Plaintiff-Appellant,*

        v.

CARL W. JOHNSON; CARL W.
JOHNSON FAMILY TRUST, d/b/a The
Cotton Mill Square; LANDIN LIMITED,
          *Defendants-Appellees,*

        and

JOSEPH BALDWIN,

               *Defendant.*

No. 00-1214

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-98-715-1)

Argued: October 30, 2000

Decided: February 28, 2001

Before WILKINS and KING, Circuit Judges, Frank J. MAGILL, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** John Joseph Korzen, ANDERSON & ASSOCIATES, P.C., Kernersville, North Carolina, for Appellants. C. Michael Johnson, FELLOWS, JOHNSON & LA BRIOLA, L.L.P., Atlanta, Georgia, for Appellee. **ON BRIEF:** James Howard Kelly, Jr., KILPATRICK STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellants. Patrick D. Conner, FELLOWS, JOHNSON & LA BRIOLA, L.L.P., Atlanta, Georgia; William G. Ross, Derek J. Allen, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Westchester Fire Insurance Company ("Westchester") filed a declaratory judgment action in district court, seeking a declaration that Carl Johnson's insurance policy with Westchester was void

because Johnson allegedly made misrepresentations concerning his losses or, alternatively, seeking to limit coverage under the policy. Johnson filed a counterclaim, alleging that Westchester had engaged in unfair trade practices in violation of N.C. Gen. Stat. § 75-1.1. The district court granted Johnson's motion for partial summary judgment on Westchester's misrepresentation claim, but also granted Westchester's motion for partial summary judgment limiting coverage and dismissed Johnson's unfair trade practices claim. The parties cross-appeal, and we affirm in part, and vacate and remand in part to allow the district court to reconsider its dismissal of Johnson's unfair trade practices claim in light of *Gray v. North Carolina Insurance Underwriting Ass'n*, 529 S.E.2d 676 (N.C. 2000).

I.

Johnson owns the Cotton Mill Square, a shopping center in Greensboro, North Carolina. Westchester and Johnson agreed to an insurance policy (the "Policy") that covered Cotton Mill during the period in question. On February 3, 1996, Cotton Mill lost electrical power due to an ice storm. Johnson hired Joseph Baldwin, an electrician, to restore power. Baldwin's attempt to restore power resulted in a fire in a circuit panel, causing damage only to the panel itself. However, because the damaged panel served all of Cotton Mill, Cotton Mill and its tenants were left without heat, electricity, and lighting. Johnson then hired Bowman Electric to supply temporary power to Cotton Mill, but the temporary service was insufficient to operate the entire facility. Westchester approved a bid submitted by Bowman to rebuild the damaged circuit panel and eventually paid Johnson $100,000, which is the approximate amount it would have cost Bowman to restore permanent electrical service to Cotton Mill. However, by this time many tenants had already left, so, in April 1996 Johnson decided not to reopen Cotton Mill.

On April 27, 1998, Johnson submitted to Westchester a sworn proof of loss ("Proof of Loss") that set out the damages that he alleged had been suffered. The Proof of Loss claimed that the fire caused Johnson to lose business income in excess of the Policy limit of $300,000. In addition, the Proof of Loss stated that Cotton Mill's "fair market value has decreased as much as $2.5 million. . . . This damage resulted from and includes direct physical loss to the electrical system

and equipment including switchgear, boilers and piping vessels, heating, air conditioning, sprinkler system, and plumbing system." Johnson attached estimates for the repair of various systems at Cotton Mill to the Proof of Loss.

Westchester initiated this action on August 14, 1998, and subsequently filed a motion for summary judgment. Westchester argued that the Policy was void because Johnson made material misrepresentations in his Proof of Loss when he stated, allegedly without proof, that the circuit panel fire damaged various Cotton Mill systems. Alternatively, Westchester sought to limit coverage under the Policy by arguing that the Policy only covered direct physical loss caused by the fire. Johnson filed a motion for partial summary judgment, claiming that Westchester engaged in a number of unfair trade practices in violation of N.C. Gen. Stat. § 75-1.1. Additionally, Johnson argued that the Policy was not restricted to direct physical loss, but instead also covered the reduced market value of Cotton Mill due to the fire.

On January 6, 2000, the district court granted Johnson's motion for partial summary judgment on Westchester's misrepresentations claim, finding that Johnson did not knowingly and willfully make any material misrepresentations. However, the court granted Westchester's motion for partial summary judgment on its request to limit coverage, holding that the Policy only covered physical damage to Cotton Mill and did not cover Cotton Mill's reduced market value.

The district court also granted Westchester's motion for partial summary judgment on Johnson's counterclaim that Westchester engaged in unfair trade practices in violation of § 75-1.1, which prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." Johnson did not argue in the district court that Westchester violated any of the provisions of N.C. Gen. Stat. § 58-63-15(11), which provides a list of various acts that constitute unfair trade practices in the settlement of insurance claims. Nevertheless, the district court, in addition to finding that Johnson did not present evidence sufficient to support a claim under § 75-1.1, also held that Johnson failed to state a claim for unfair and deceptive trade practices under § 58-63-15(11). In rejecting a § 58-63-15(11) claim, the court cited *Gray v. North Carolina Insurance Underwriting Ass'n*, 510 S.E.2d 396 (N.C. App. 1999),

*rev'd*, 529 S.E.2d 676 (N.C. 2000), for the proposition that a plaintiff seeking to prove a violation of § 58-63-15(11) must show that the insurer performed an unfair claim settlement practice "with such frequency as to indicate a general business practice." *Id.* at 400. Alternatively, the court noted that Johnson did not specifically claim that Westchester violated § 58-63-15(11).

Subsequent to the district court's disposition of this case, the North Carolina Supreme Court reversed the lower court's opinion in *Gray*, holding that it is unnecessary for a plaintiff bringing an unfair trade practices claim under § 58-63-15(11)(f) to show that the defendant engaged in the allegedly unfair practices with such frequency as to indicate a general business practice. *Gray*, 529 S.E.2d at 683. The question thus presented is whether Johnson waived the argument that Westchester violated § 58-63-15(11) by not raising it until his appellate reply brief. We hold that he did not. Generally, an argument made for the first time on appeal is waived. However, an exception to this general rule applies

> when there has been an intervening change in the law recognizing an issue that was not previously available. The intervening law exception to the general rule that the failure to raise an issue timely in the district court waives review of that issue on appeal applies when "there was strong precedent" prior to the change, such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner.

*Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605-06 (4th Cir. 1999) (citations omitted); *see also Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 288-89 (5th Cir. 1987) (remanding to the district court because a Texas Supreme Court decision changed Texas law during the pendency of the appeal).

Prior to the North Carolina Supreme Court's decision in *Gray*, it appears that there was a long line of precedent holding that to prove a violation of § 58-63-15(11), the plaintiff must show that the insurer performed an unfair claim settlement practice "with such frequency as to indicate an unfair trade practice." *Gray*, 510 S.E.2d at 400; *see also* § 58-63-15(11) ("Unfair Claim Settlement Practices. Committing

or performing with such frequency as to indicate a general business practice of any of the following . . ."); *Hagel v. Blue Cross & Blue Shield*, 370 S.E.2d 695, 698 (N.C. App. 1988); *Miller v. Nationwide Mutual Ins. Co.*, 435 S.E.2d 537, 543 (N.C. App. 1993). Moreover, Johnson did not prejudice Westchester by raising the issue for the first time in his appellate reply brief. First, Johnson raised an unfair trade practices claim in the district court under § 75-1.1. Although Johnson did not cite any of the unfair settlement practices listed in § 58-63-15(11), conduct that violates § 58-63-15(11)(f) constitutes a violation of § 75-1.1 as a matter of law.*  *Gray*, 529 S.E.2d at 683. Second, Westchester was able to respond to Johnson's § 58-63-15(11) argument in its reply brief and at oral argument. Additionally, we note that North Carolina law presumes that new rules, such as the North Carolina Supreme Court's decision in *Gray*, will be given retroactive effect. *Cox v. Haworth*, 284 S.E.2d 322, 324 (N.C. 1981); *see also Moorhead*, 828 F.2d at 289 (stating that applying intervening changes in state law "may run afoul of *Erie* when the intervening change in state law would not have been applied retroactively by the state courts themselves").

Thus, the intervening law exception applies to this case and permits us to review whether Johnson presented sufficient evidence to show that Westchester violated § 58-63-15(11) under the standard enunciated in the North Carolina Supreme Court's decision in *Gray*. However, the district court's familiarity with the underlying factual basis for Johnson's claim places it in a better position to make this decision. We therefore vacate the district court's decision to grant Westchester's motion for partial summary judgment on Johnson's unfair trade practices claim and remand for reconsideration in light of *Gray*, 529 S.E.2d 676.

We also note that, in addition to claiming that Westchester violated § 58-63-15(11)(f), Johnson argues that Westchester violated § 58-63-15(11)(a), (l), and (m). Section 58-63-15(11)(f) states that insurance companies must attempt "in good faith to effectuate prompt, fair and

---

*Given that Johnson alleged a violation of § 75.1-1 in the district court, and that a violation of § 58-63-15(11)(f) constitutes a violation of § 75-1-1 as a matter of law, it is questionable whether Johnson's failure to cite § 58-63-15(11)(f) constitutes a waiver at all.

equitable settlements of claims in which liability has become reasonably clear." In *Gray*, the North Carolina Supreme Court held that a violation of § 58-63-15(11)(f) also constitutes a violation of § 75-1.1 "because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers . . . without the necessity of an additional showing of frequency indicating a 'general business practice.'" 529 S.E.2d at 683 (citation omitted). We leave it to the district court to determine in the first instance whether violations of § 58-63-15(11)(a), (l), and (m) also constitute violations of § 75-1.1 without requiring Johnson to show that Westchester engaged in these acts with a frequency indicating a general business practice.

## II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result in granting both Johnson's motion for partial summary judgment on Westchester's misrepresentations claim and Westchester's motion for partial summary judgment on its request to limit coverage to the physical damage to Cotton Mill. We therefore affirm these grants of partial summary judgment on the reasoning of the district court. *See Westchester Fire Ins. Co. v. Johnson*, No. 1:98-CV-00715 (M.D.N.C. Jan. 6, 2000). However, we vacate the district court's decision to grant Westchester's motion for partial summary judgment on Johnson's unfair trade practices claim and remand for reconsideration in light of *Gray v. North Carolina Insurance Underwriting Ass'n*, 529 S.E.2d 676 (N.C. 2000).

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*